IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE RAHSAAN BROOKS-BEY, | : | CIVIL ACTION NO. **1:CV-11-0104** |
| Plaintiff | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| STEVEN CELANI, | : | |
| Defendant | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

On January 14, 2011, Plaintiff, George Rahsaan Brooks-Bey, an inmate at the State Correctional Institution at Frackville ("SCI-Frackville"), Pennsylvania, filed this civil rights action, *pro se*, pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff also filed Motion for Leave to Proceed *in forma pauperis* (Doc. 6).[1]

Plaintiff admits on the face of his instant complaint that he is subject to the three strike rule under 28 U.S.C. §1915(g), and that he is seeking to avoid dismissal of this action by alleging that he is in imminent danger due to the refusal of Defendant Dr. Steven Celani to finish his root canal procedure.

We must preliminarily screen the Complaint under the PLRA.[2]

---

[1]The Plaintiff filed a Motion to Proceed *in forma pauperis* (Doc. 6) and an Authorization to have funds deducted from his prison account. (Doc. 2).

[2]Plaintiff George Rahsaan Brooks-Bey has filed numerous civil rights cases with this Court. *See* M.D. Pa. Civil Action Nos. 91-0348; 91-1091;91-1250; 92-0091; 92-0513; 92-0709; 92-1263; 92-1286; 92-1287; 93-0741; 93-0861; and 94-0077. All of Plaintiff's prior cases are closed.
Plaintiff also recently filed another case with this Court on February 14, 2011. *See*

## II. Screening of Complaint - Three Strike Provision.

In *Harris v. Beard*, 2007 WL 404042, *1 (M.D. Pa. 2-1-07), the Court stated:

The Prison Litigation Reform Act of 1996 (PLRA"), in an effort to halt the filing of frivolous mate litigation, enacted what is commonly referred to as the "three strikes" provision. Codified at 28 U.S.C. §1915(g), the "three strikes" rule provides that an inmate who has had three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim may not proceed in a civil action *in forma pauperis* "unless the prisoner is in imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). The "three strikes" provision does not bar disqualified inmates from filing additional actions, but it does deny them the opportunity to proceed under *in forma pauperis,* requiring the inmate to pay the full filing fee prior to commencing suit.

In *Aquino v. Saudi*, 2005 WL 2666612, *1 (M.D. Pa. 10-19-05), the Court held:

The "imminent danger" exception to § 1915(g)'s "three strikes" rule is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." *Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir.2002). Dismissals of actions entered prior to the effective date of the PLRA are counted toward the "three strikes." *See Keener v. Pennsylvania Board of Probation and Parole,* 128 F.3d 143, 1444-45 (3d Cir.1997) (holding that dismissals of actions as frivolous before 1996 "are included among the three that establish the threshold for requiring a prisoner to pay the full docket fees unless the prisoner can show he or she is 'under imminent danger of serious physical injury" '). The "three strikes" provision does not bar disqualified inmates from filing additional actions, but it does deny them the opportunity to proceed *in forma pauperis* and requires them to pay the required filing fee.

## III. Discussion.

It is not disputed that Plaintiff has filed several actions with this Court and Plaintiff admits this on the face of his Complaint. (Doc. 1, p. 1). *See* M.D. Pa. Civil Action Nos. 91-0348; 91-

---

*Brooks-Bey v Schmerfelt*, M.D. Pa. Civil No. 1:CV-11-0307. In Plaintiff's new action, he indicates that despite his heart condition and dental condition, he was approved for regular excerise and weight lifting of up to fifty pounds. Thus, Plaintiff's admissions in his Civil Case No. 11-307 indicate that he is not in imminent danger of physical injury with respect to his Civil Case No. 11-0104.

1091;91-1250; 92-0091; 92-0513; 92-0709; 92-1263; 92-1286; 92-1287; 93-0741; 93-0861; and 94-0077.

Also, Plaintiff admits on the face of his pleading that he is subject to the three strike rule, and he requests this Court to "Rule that I [meet imminent danger] requirement under 28 U.S.C. §1915(g)." (Doc. 1, p. 4). In any event, we find that three of Plaintiff's prior cases he filed with this Court were dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See* M.D. Pa. Civil Action Nos. 91-0348; 92-0091; and 92-1287. As stated, Plaintiff concedes in his Complaint that he is subject to the three strike rule.

We have reviewed the allegations of the instant Complaint and have determined that Plaintiff's case should be dismissed pursuant to 28 U.S.C. § 1915(g), also known as the "three strikes" rule of the Prisoner Litigation Reform Act (PLRA). Plaintiff readily acknowledges that he has filed three prior civil actions in District Court which were dismissed for failure to state a claim. As stated, we find Plaintiff 's prior case docket sheets with this Court demonstrates that he falls under the three strike rule provision. *See* M.D. Pa. Civil Action Nos. 91-0348; 92-0091; and 92-1287. Also, as the *Aquino* Court indicated, it does not matter that Plaintiff's cases which were dismissed for failing to state viable claims were dismissed before the enactment of the PLRA in 1996. Plaintiff's pre-1996 cases which were dismissed are still counted toward the three strikes. *See Aquino v. Saudi*, 2005 WL 2666612, *1.

Thus, it is not disputed that Plaintiff is subject to the three strike rule. *See* 28 U.S.C. § 1915(e)(2)(b)(ii). However, Plaintiff alleges that he is in "imminent danger of physical injury," and therefore, he qualifies for § 1915(g)'s exception. We disagree.

Plaintiff alleges that prior to his February 2008 transfer to SCI-Frackville, a root canal procedure was started at SCI-Albion (over 2 years ago) but not finished. Plaintiff avers that after his 2008 transfer, Defendant Dr. Celani refused to finish the root canal and stated that he "will yank [the tooth] out." Plaintiff states that he then filed a grievance against Celani and that Celani deliberately "Use[d] a drill to remove a tooth that need[ed] pulling, damaging my mouth [and] another tooth."

Plaintiff states that he was transferred out of SCI-Frackville in September 2008 and later returned to SCI-Frackville in April 2009. As of June 2009, Plaintiff states that Defendant Celani did not finish his root canal and that he "suffer[s] from a heart artery problem and having a hole left in my mouth, could lead to me having a heart attack." (Doc. 1, p. 3). Plaintiff avers as follows that he meets the imminent danger exception:

> Being that I suffer from a heart and leg artery decease (sic), and matter from the
> hole in my mouth can go through my veins and bring on a sudden heart attack
> and I am in constant pain and fear. My injury is serious and I exist in
> imminent danger.

(*Id.*, p. 3).

As stated, Plaintiff concedes that his root canal procedure was started over two years ago, and he does not aver that over this time period he has actually suffered any heart attack or exacerbation to his leg artery disease as a result of the incomplete root canal. Further, Plaintiff does not submit any proof to s how that he has heart and leg artery disease, and to show that his dental condition is endangering his medical conditions. Plaintiff also concedes that he is receiving medical care at the prison. Plaintiff additionally states that his root canal and damaged tooth have not been remedied since he asked for another dentist and not Defendant Celani to perform the work. (*Id.*).

4

Thus, it appears as though Defendant Dr. Celani is available to provide Plaintiff with dental care but that Plaintiff has refused treatment from Dr. Celani.

Specifically, § 1915(g) states:

> In no event shall a prisoner bring civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The Third Circuit elaborated upon Congress's intention and reasoning for enacting "three strikes" legislation in *Abdul-Akbar v. McKelvie*, 239 F.3d 307 (3d Cir. 2001). The Court stated:

> Congress enacted the PLRA in order to limit the filing of frivolous and vexations prisoner lawsuits. To accomplish this, Congress curtailed the ability of prisoners to take advantage of the privilege of filing I.F.P. The "three strikes" rule added by the PLRA supplied a powerful economic incentive not to file frivolous lawsuits or appeals. In stark terms, it declared that the I.F.P. privilege will not be available to prisoners who have, on three prior occasions, abused the system by filing frivolous or malicious lawsuits or appeals, no matter how meritorious subsequent claims may be.

*Id*. at 314-15.

While this legislation is important in decreasing the administrative and financial burden on federal courts, it does block a prisoner's access. *Id*. Section 1915(g) "only denies the prisoner the privilege of filing before he has acquired the necessary filing fee." *Id*. Furthermore, it does not preclude a prisoner from filing in state court, where limitations on filing I.F.P. may not be as strict. *Id*.

In *Harris*, the Court discussed the imminent danger exception to the three strike rule and stated:

> In addressing the "imminent danger" exception to § 1915(g)'s "three strikes" rule, the Third Circuit Court of Appeals has concluded that the requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed. *See Abdul-Akbar v. McKelvie,* 239 F.3d 307, 312 (3d Cir.2001)(en banc), *cert. denied,* 533 U.S. 953 (2001). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and a threat ... is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir.2002). The allegations of imminent danger must be construed liberally in favor of the plaintiff. *See Gibbs v. Cross,* 160 F.3d 962, 966 (3d Cir.1998).

2007 WL 404042, *2.

Plaintiff's claim that he is in imminent danger is belied by his own admission that his root canal has been only partially done for over two years now and he has not suffered any serious adverse medical problems as a result. Thus, we do not find that Plaintiff's case presents a genuine emergency. Also, Plaintiff admits that after his transfer back to SCI-Frackville in April 2009, his dental conditions were not remedied only because he asked for a dentist other than Defendant Dr. Celani. As stated, Plaintiff has not submitted any proof to s how that he has serious medical conditions which place him in imminent danger if his dental condition is not remedied. Thus, we find that time is not pressing and that Plaintiff is not facing a real and proximate threat.

It is apparent that Plaintiff has exhausted his three chances at pursuing legal remedies in federal court, and therefore, his current Complaint should be dismissed. Furthermore, Plaintiff's filings are examples of the type of litigation that Congress wishes to curb, as he filed twelve cases with this Court alone in the years 1991 through 1994. Recently, he filed two more cases with this Court. As noted above, Plaintiff is not banned from federal court, but in order to proceed in the

6

future, he must procure the appropriate funds or meet the exception of "imminent serious physical injury."[3]

**IV. Recommendation.**

Based on the foregoing, it is respectfully recommended that Plaintiff's Complaint be dismissed pursuant to 28 U.S.C. § 1915(g).

                                        **s/ Thomas M. Blewitt**
                                        **THOMAS M. BLEWITT**
                                        **United States Magistrate Judge**

**Dated:  March 14, 2011**

---

[3]We note that the Third Circuit, like many of its sister courts, held that "imminent danger" refers to danger at the time of filing the civil action, not at the time of an alleged incident. *McKelvie*, 239 F.3d at 314.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| G. RAHSAAN BROOKS-BEY, | : | CIVIL ACTION NO. **1:CV-11-0104** |
| Plaintiff | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| STEVEN CELANI, | : | |
| Defendant | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **March 14, 2011.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                s/ Thomas M. Blewitt
                                                **THOMAS M. BLEWITT**
                                                **United States Magistrate Judge**

**Dated: March 14 , 2011**